UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:22-cr-00012 |
| Plaintiff, | ) |
|  | ) JUDGE JOHN R. ADAMS |
| v. | ) |
|  | ) |
| RAYMOND MCCOLLUM, | ) **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | )    (Resolving Docs. 42, 43) |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 42) (the "Motion") filed by Raymond McCollum ("McCollum"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)*. Doc. 43.

For the reasons stated below, the Motion is DENIED.

### I.    BACKGROUND

A federal grand jury charged McCollum with two counts of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 13. McCollum pled guilty as to both counts. *See Minutes of Proceedings*, docket entry dated September 7, 2022.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 36. The PSI indicated McCollum had a total offense level of 19 (after a three-level reduction for acceptance of responsibility) and a criminal history category of VI, therefore the advisory guideline range was 63–78 months. Doc. 36 at p. 19, ¶ 72. The Court ultimately sentenced McCollum to a term of 63 months' imprisonment. Doc. 40.

1

After McCollum's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 57 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

2

(3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, McCollum asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 57–71 months as opposed to the 63–78 months used at the time of sentencing. Doc. 42 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, McCollum's total criminal history points were 13. Eleven (11) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a)-(c). Doc. 36 at pp. 9–11, ¶¶ 34–38. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while McCollum was on probation for drug possession. Doc. 36 at p. 11, ¶ 40. McCollum now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only receive one additional criminal history point due to the offenses taking place while he was on probation, therefore his total criminal history points would be twelve under the new calculation. Doc. 42 at p. 3. The Court

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

finds that Amendment 821 affects McCollum's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of McCollum's case. *See Jones*, 980 F.3d at 1107. This is due to McCollum's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). McCollum has a lengthy criminal history which shows he has yet to be deterred from illegal activity. His first conviction occurred when he was only 11 years old. Doc. 36 at p. 6, ¶ 25. Since then, he acquired 12 more convictions in his adult years. Doc. 36 at pp. 7–11, ¶¶ 27–38. This history, including two federal convictions, includes various charges for aggravated burglary, theft, drug possession and trafficking, and attempted robbery and felonious assault. Doc. 36 at pp. 7–11, ¶¶ 27–38. McCollum's criminal history paired with the underlying offenses in this case, where he illegally possessed 600 pounds of ammunition projectiles, indicate McCollum lacks respect for the law and has yet to be deterred from violating it. Doc. 36 at p. 4, ¶¶ 6–7. At the time of sentencing, the Court considered McCollum's offenses, criminal history, and characteristics, and determined that a 63-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the § 3553(a) factors, the Court finds a reduction to McCollum's sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

4

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 42) is DENIED.

Date: December 23, 2024 /s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE